IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHNNY CLAYTON CHANDLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10cv1081-MEF |
| | ) | |
| A.L. HILL and GLEN STRUCHTEMEYER, | ) ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, a veteran, brings this action against A.L. Hill, Veterans Service Center Manager, Regional Office, and Glen Struchtemeyer, Director of the Central Alabama Health Care System, complaining that Defendants have violated his First Amendment rights, and seeking declaratory judgment.

On January 4, 2011, the District Judge entered an Order (Doc. #4) referring this matter to the undersigned Magistrate Judge "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate."

Before the Court is Defendants' Motion to Dismiss (Doc. #27) and supporting Brief (Doc. #28). Plaintiff has filed a response to the motion (Doc. #30). After a review of Defendants' Motion and Plaintiff's Response, for the reasons that follow, the undersigned Magistrate Judge RECOMMENDS that the motion to dismiss be GRANTED.

## I. DISCUSSION

Defendants' Motion to Dismiss is filed pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure and argues that Plaintiff's claim should be dismissed for lack of subject matter jurisdiction, insufficient service of process, and Plaintiff's failure to state claims upon which relief can be granted. Defs.' Motion (Doc. #28) at 1. Because the Court concludes that Defendants' Motion is due to be granted based on lack of subject matter jurisdiction, it is not necessary for the Court to reach Defendants' other bases for dismissal.

### A. Legal Standard

"Federal courts are courts of limited jurisdiction" and, as such, they possess only the power to hear cases as authorized by the Constitution or the laws of the United States. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Thus, a federal court "should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings" and, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

### B. Subject Matter Jurisdiction

Upon review of Plaintiff's Complaint (Doc. #1), Amended Complaints (Doc. #5 &

#9), and Response in Opposition to Defendants' Motion to Dismiss (Doc. #30), the Court is unable to discern a basis for subject matter jurisdiction over his claims.

Plaintiff's central allegation involves his concern over what he considers unconstitutional signs allegedly posted in the Central Alabama Veterans Health Care System ("CAVHCS") facilities. According to Plaintiff, "[t]hese signs imply that if a veteran questions or gets upset with his physicians [sic] treatment, the veteran can be escorted off the property and may lose his health benefits." Am. Compl. (Doc. #9) at 2. Plaintiff alleges that these signs violate his First Amendment rights to freedom of speech and to redress grievances. *Id.* Additionally, Plaintiff's Complaint includes allegations that he "feels also that his health care physician was racially discriminatory towards his care and examinations." *Id.* at 8.[1] Whether he is complaining of the possibility that his benefits might be taken away, or he is complaining that he felt racially discriminated by his physician, Plaintiff's claims are benefits-related claims in one way or another.

Claims concerning veterans' benefits are governed by 38 U.S.C. § 511. Section 511

---

[1] In addition to the allegations described in the foregoing, Plaintiff's Response to Defendant's Motion to Dismiss adds allegations that he "was subjected to cruel and unusual punishment for demanding that right" (presumably referring to what Plaintiff considers his First Amendment right to question his medical treatment) (Pl.'s Resp. (Doc. #30) at 7) and, additionally, that he "has been denied his (6th) Sixth Amendment rights under pro se in that he has been denied discovery" (*Id.*). However, it is clear that the protections afforded by the Sixth and Eighth Amendments are not available to Plaintiff in this, a civil, case. *See United States v. Marion*, 404 U.S. 307, 313 (1971) ("On its face, the protection of the [6th] Amendment is activated only when a criminal prosecution has begun and extends only to those persons who have been 'accused' in the course of that prosecution."); *Ingraham v. Wright*, 430 U.S. 651, 664 (1977) ("An examination of the history of the [Eighth] Amendment" demonstrates that it "was designed to protect those convicted of crimes.").

is part of the Veterans' Judicial Review Act of 1988 ("VJRA"), which creates an exclusive review procedure for the resolution of veterans' disputes.  Section 511 provides:

> (a) The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision or benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.
>
> (b) The second sentence of subsection(a) does not apply to-
>
> (1) matters subject to section 502 of this title;
>
> (2) matters covered by sections 1975 and 1984 of this title;
>
> (3) matters arising under chapter 37 of this title; and
>
> (4) matters covered by chapter 72 of this title.

38 U.S.C. § 511.  Subsection (b) is not applicable in this case because it pertains to judicial review of:  (1) rules and regulations, (2) suits on government insurance policies, and (3) housing and small business loans.  Subsection (b)(4) allows judicial review of final decisions of the VA Secretary, but only through an established procedure.  "[U]nder the statutory scheme, judicial review of a particular application of the law made by the Secretary with respect to a veteran's entitlement to benefits may be had only by appealing to the Board [of Veterans' Appeals], then to the Court of Veterans Appeals, the Federal Circuit Court of Appeals and the Supreme Court."  *Hall v. U.S. Dept. of Veterans' Affairs*, 85 F.3d 532, 534 (11th Cir. 1996).

4

Plaintiff's claim stems from his concern that if he questions his health treatment, he may lose his benefits, which he sees as a violation of his First Amendment rights to freedom of speech and to redress grievances. Courts have held that a plaintiff cannot overcome the jurisdictional bar of 38 U.S.C. § 511 by framing his claim in terms of constitutional violations. *See Lee v. United States*, No. 2:06cv368, 2007 WL 564179, at *3 (M.D. Ala. Feb. 20, 2007) ("[P]laintiff cannot avoid the jurisdictional bar of § 511 by couching his claims in terms of constitutional or tort law claims."). Indeed, courts have been consistent in finding that "[Section 511] does not exclude claims which are based upon the Constitution. The statute includes all claims, **whatever their bases**, as long as the claim is 'necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans.'" *Hicks v. Veterans Admin.*, 961 F.2d 1367, 1369 (8th Cir. 1992) (emphasis added). *See also Lewis v. Randle*, No. 2:09cv809, 2010 WL 1687970, at *2 (M.D. Ala. Mar. 9, 2010) ("[P]laintiff cannot avoid the jurisdictional bar of § 511 by couching his claim as a federal question."); *Bell v. Hill*, No. 1:08cv488, 2008 WL 4877862, at *2 (M.D. Ala. Nov. 12, 2008) ("[T]he plaintiff cannot avoid the jurisdictional bar of § 511 by couching his claims in terms of racial discrimination."); *Braggs v. Dept. of Veterans Affairs*, 2010 WL 551325 at *4 (S.D. Ala. Feb. 10, 2010) (dismissing plaintiff's claim and rejecting plaintiff's "attempt[ ] to side-step the statutory review process for veterans' benefits by claiming racial discrimination and asserting other bases for his claim, [including the] Civil Rights Act and [the] American with Disabilities Act."). Although Plaintiff files his claim as a First

Amendment violation, the claim essentially challenges the possibility that the hospital could make a decision that will negatively impact his benefits. Assuming it is a viable claim, it would necessarily involve a question of law and/or fact affecting his entitlement to VA benefits. Thus, his claim falls under the purview of § 511. *See Lee*, 2007 WL 564179, at *3 (M.D. Ala. Feb. 20, 2007) (finding that plaintiff's claims fell under Section 511 because the claims stemmed from the CAVHCS's decision to bar him from the hospital which, in essence, was a denial of medical and hospital benefits).

Furthermore, this case is similar to *Hicks* in which a veteran sued the Veterans Administration, alleging that his disability benefits were reduced in retaliation for exercise of his First Amendment rights. *Hicks*, 961 F.2d at 1368. In his complaint, Hicks alleged that a doctor at the hospital where he was a patient wrote a letter which led to a reevaluation of his disability rating which in turn reduced the amount of benefits he was receiving. *Id.* In *Hicks*, the Eighth Circuit found that the plaintiff's claim was "essentially a challenge to the reduction of benefits on a constitutional basis," which "[a]s a challenge to a decision affecting benefits, [was] encompassed by 38 U.S.C. § 511" and thus, "[was] not reviewable in any manner other than by the review mechanism set forth in Chapter 72 of Chapter 38." *Id.* at 1370. While, in this case, Plaintiff's benefits have not yet been reduced,[2] it is clear that

---

[2] The fact that Plaintiff's benefits have not actually been reduced makes his claim less likely to be sustainable since he is seeking to redress a speculative injury.

Furthermore, even if there were a contention that no decision has been made by the Secretary in this case because benefits have not been reduced (and that, hence, this case does not fall under the Section 511), case law is clear that "[c]laims alleging negligent conduct by DVA personnel 'fall within the ambit of the VJRA's comprehensive review system.' *Richardson* [*v.*

his claim is a challenge to the possibility that his benefits may be reduced in the future and so, like in *Hicks*, his claim falls under the purview of Section 511 and cannot be heard by this Court.

Indeed, as the court in *Hicks* pointed out, the provisions set forth in the VJRA "amply evince Congress's intent to include all issues, even constitutional ones, necessary to a decision which affects benefits in this exclusive appellate review scheme." *Id.* As such, rather than filing an action in this federal district court, Plaintiff should follow the grievance procedure Congress created through the VJRA.[3]

Thus, this Court concludes that it lacks jurisdiction over Plaintiff's claim and his claims against Defendants are due to be dismissed.

---

*Dep't of Veterans Affairs*, No. Co5-1353C, 2006 WL 1348392, at *3 (W.D.Wa. May 13, 2006)] ("Although Plaintiff's . . . claims are not squarely directed to a denial of benefits, the fact that his allegations relate solely to acts by DVA personnel divests this Court of jurisdiction"); *see also Dambach v. United States*, 211 F. App'x 105, 107-09 (3d Cir. 2006) (claims that DVA employees negligently handled and wrongfully denied claim for benefits properly dismissed for lack of subject matter jurisdiction); *Hicks v. Small*, 69 F.3d 967 (9th Cir. 1995) (claim against a VA doctor alleging that the doctor prevented him from complaining about his treatment and reduced his benefits properly dismissed for lack of subject matter jurisdiction)." *Kumnick v. United States*, 2007 WL 4614771 at *3 (M.D. Fla., Dec. 31, 2007). Hence, because in this case Plaintiff's claims are against VA personnel, his claims also fall under the jurisdiction of the VJRA.

[3] Plaintiff's Amended Complaint includes documents that suggest he has a claim pending with the Regional Office of the Department of Veterans Affairs in Montgomery, AL. Pl.'s Am. Compl. (Doc. #5) at 5 & 6. It is unclear from the documents before the Court whether Plaintiff has exhausted all administrative remedies prescribed under the VJRA. However, even if Plaintiff has exhausted the administrative procedure set forth in the VJRA, judicial review is available exclusively in the Federal Circuit Court of Appeals. *Hall v. U.S. Dept. of Veterans' Affairs*, 85 F.3d 532, 534 (11th Cir. 1996).

## II.  CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the Defendants' Motion to Dismiss (Doc. #27) be GRANTED.  It is further

ORDERED that the parties shall file any objections to the said Recommendation **on or before August 17, 2011.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir.1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 3rd day of August, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE